IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL ANDREW RALSTON, | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-4752 |
| | : | |
| MEDICAL DIRECTOR | : | |
| SHANE CAFFREY, *et al.*, | : | |
|    *Defendants*. | : | |

**MEMORANDUM**

**PAPPERT, J.**                                                                                                               **DECEMBER 16, 2021**

Carl Andrew Ralston, a convicted prisoner[1] currently incarcerated at the Northampton County Prison, brings this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Ralston filed a Motion for Leave to Proceed *In Forma Pauperis* together with an inmate account statement. (ECF Nos. 5, 6.)[2] He also filed an Amended Complaint, which is the governing pleading.[3] (ECF No. 8.) For the following reasons,

---

[1] Ralston was a pretrial detainee at the time the events giving rise to his claims are alleged to have occurred. *See Commonwealth v. Ralston*, CP-48-CR-2250-2021 (C.P. Northampton).

[2] Ralston filed an additional motion for leave to proceed *in forma pauperis* with a prisoner account statement. (ECF Nos. 9, 10.) His duplicative motion at ECF No. 9 will be denied as moot.

[3] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

1

the Court will grant Ralston leave to proceed *in forma pauperis* and dismiss his Amended Complaint for failure to state a plausible claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Ralston will be allowed to file a Second Amended Complaint.

I[4]

Ralston's Amended Complaint names two Defendants: David Penchishen, Warden at Northampton County Prison, and Shane Caffrey, Medical Director at that facility, both of whom are sued in their individual capacities. (ECF No. 8 at 2.) Ralston's form complaint alleges that the events giving rise to his claims occurred on September 21, 2021 at 7:00 p.m. (*Id.* at 5.) He claims he was placed in isolation for filing a grievance. (*Id.*) He alleges that this constituted unlawful punishment (*id.* at 3), and that he suffered mental cruelty and loss of weight, possibly due to a hunger strike. (*Id.* at 5.) He seeks recovery of money damages from both Defendants. (*Id.*)

II

Because Ralston appears to be unable to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*.[5] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter,

---

[4] The allegations set forth in this Memorandum are taken from Ralston's Amended Complaint. The Court adopts the pagination assigned by the CM/ECF docketing system.

[5] Because Ralston is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the full filing fee in installments.

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Ralston proceeds *pro se* so the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Ralston's Amended Complaint is short on facts, but the Court interprets it to assert claims for retaliation and disciplinary segregation. However, because

the pleading does not allege how either of the named Defendants personally participated in the conduct giving rise to his claims, Ralston has failed to state a plausible § 1983 claim. Additionally, Ralston's Amended Complaint does not allege sufficient facts to plausibly state claims for either retaliation or disciplinary segregation.

A

In a §1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). Additionally, for supervisory officials, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Because Ralston has not alleged how each of the Defendants was involved in the events described, he has not stated a plausible claim against either of them. *Rode*, 845

F.2d at 1207; *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Ralston's claims will be dismissed. However, because the Court cannot conclude that he will not be able to state plausible claims, Ralston will be granted leave to file a Second Amended Complaint. Upon amendment, Ralston is encouraged to provide as much detail as possible about the events upon which his claims are based, and, to the extent that he can, identify any individuals who may have been involved in those events.[6]

B

Ralston appears to allege that he was placed in disciplinary segregation in retaliation for filing a grievance. In order to state a plausible First Amendment retaliation claim, a prisoner must allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Mitchell v. Horn*, 318 F.3d 523, 530

---

[6] Ralston attached a completed Confidential Grievance Form and a handwritten narrative to his original Complaint, which describe the relevant events in more detail. (*See* ECF No. 2-1 at 1, 2.) Considering these documents in screening does not cure the defects which require dismissal, because the documents do not describe how the named Defendants participated in the conduct giving rise to Ralston's claims. However, the documents do identify several individuals who appear to have been personally involved, and provide more details about the who, what, when, where and how of the events giving rise to Ralston's claims.

(3d Cir. 2003); *Coit v. Garman*, No. 19-2580, 2020 WL 2125780, at *3 (3d Cir. May 5, 2020).  A prisoner's filing of a grievance is constitutionally protected conduct.  *See Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (citing *Mitchell*, 318 F.3d at 530; *Davis v. Goord*, 320 F.3d 346, 35-53 (2d Cir. 2003)).

Though Ralston alleges in conclusory fashion that he was placed in solitary confinement after he filed a grievance, this is not sufficient to state a plausible retaliation claim.  These facts, standing alone, do not support an inference that his placement is segregation was motivated by retaliation, because he has not provided any details about the surrounding circumstances giving rise to his claims.  Because the Court cannot state with certainty that Ralston will not be able to state a plausible claim based on retaliation, he will be permitted to amend this claim.

C

Ralston appears to assert that his placement in disciplinary segregation amounted to punishment, in violation of his rights.  The United States Court of Appeals for the Third Circuit has noted that "[g]enerally, prisons may sanction a pretrial detainee for misconduct that he commits while awaiting trial, as long as it is not a punishment for the 'underlying crime of which he stands accused.'" *Kanu v. Lindsey*, 739 F. App'x 111, 116 (3d Cir. 2018) (quoting *Rapier v. Harris*, 172 F.3d 999, 1003-06 (7th Cir. 1999)).  However, while "'pretrial detainees do not have a liberty interest in being confined in the general prison population, they do have a liberty interest in not being detained indefinitely in [disciplinary segregation] without explanation or review of their confinement.'" *Singleton v. Superintendent Camp Hill SCI*, 747 F. App'x 89, 92 (3d Cir. 2018) (*per curiam*) (quoting *Bistrian v. Levi*, 696 F.3d 352, 375 (3d Cir. 2012)).

With respect to pretrial detainees, "the imposition of disciplinary segregation for violation of prison rules and regulations cannot be imposed without providing the due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 . . . (1974)." *Kanu*, 739 F. App'x at 116.  Such protections "include the right to receive written notice of the charges at least 24 hours before the hearing, the opportunity to present witnesses and documentary evidence, and a written statement of the reasons for the disciplinary action taken and the supporting evidence." *Id.* (citing *Wolff*, 418 U.S. at 563-66); *see also Stevenson v. Carroll,* 495 F.3d 62, 70 (3d Cir. 2007).

Moreover, while "the filing of a fraudulent misconduct report and related disciplinary sanctions do not without more violate due process," *Seville v. Martinez*, 130 F. App'x 549, 551 (3d Cir. 2005) (per curiam), "[d]ue process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false misconduct reports," *Thomas v. McCoy*, 467 F. App'x 94, 97 (3d Cir. 2012) (per curiam); *see also Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) ("[S]o long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim.").

Lodging a false accusation is not a sufficient basis for a due process claim.  *See London v. Evans*, Civ. A. No. 19-559, 2019 WL 2648011, at *3 (D. Del. June 27, 2019) ("The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges."); *King v. Quigley*, Civ. A. No. 18-5312, 2019 WL 342710, at *2 (E.D. Pa. Jan. 25, 2019) (dismissing detainee's due process claims upon screening, where claims were based "solely on the basis that he believe[d] the misconducts issued against him were false"

7

and detainee did not allege he was not provided applicable protections); *McDowell v. Deparlos*, Civ. A. No. 15-00487, 2017 WL 1158093, at *8-*9 (M.D. Pa. Feb. 2, 2017) (dismissing detainee's due process claim based on false misconduct report where detainee did not "allege that he was not provided with an explanation for his transfer to the SMU, nor that he was denied an opportunity to respond to the transfer, and he was held there in administrative custody for only fifteen days before his disciplinary hearing occurred, not indefinitely"), *report and recommendation adopted*, 2017 WL 1134407 (M.D. Pa. Mar. 27, 2017).

"[D]etention officials' restrictions on pretrial detainees will constitute punishment prohibited by the Due Process Clause when: (1) "there is a showing of express intent to punish on the part of [those] [ ] officials"; (2) "the restriction or condition is not rationally related to a legitimate non-punitive government purpose," i.e., "if it is arbitrary or purposeless"; or (3) "the restriction is excessive in light of that purpose." *Steele v. Cicchi*, 855 F.3d 494, 504 (3d Cir. 2017) (quoting *Stevenson v. Carroll*, 495 F.3d 62, 67-68 (3d Cir. 2007)) (alterations in original). "[M]aintaining internal security and order in jails and prisons are 'legitimate governmental objectives'" that may justify placement of a detainee in administrative segregation, and "courts must give prison officials considerable discretion to manage internal security in their institutions." *Id.* In other words, if officials can articulate a legitimate managerial concern for placement of the detainee in restricted housing, a substantive due process claim is foreclosed. *Stevenson*, 495 F.3d at 69 ("Although the substantive and procedural due process evaluations are distinct, a showing by the prison officials that a restrictive housing assignment is predicated on a legitimate managerial concern and is

8

therefore not arbitrary or purposeless, will typically foreclose the substantive due process inquiry").

From a procedural standpoint, "[t]he degree of process required varies depending on the reason for the transfer, with greater process accorded to prisoners who are confined for disciplinary infractions than those moved for purely administrative reasons." *Id.* at 70. "[T]he procedures required by *Wolff v. McDonnell,* 418 U.S. 539 (1974), apply if the restraint on liberty is imposed for disciplinary reasons; if the restraint is for 'administrative' purposes, the minimal procedures outlined in *Hewitt v. Helms,* 459 U.S. 460 (1983) are all that is required." *Lewis v. Williams*, Civ. A. No. 05-013, 2011 WL 2441377, at *17 (D. Del. June 13, 2011) (citing *Stevenson*, 495 F.3d at 70). The procedures set forth in *Wolff* "include the right to receive written notice of the charges at least 24 hours before the hearing, the opportunity to present witnesses and documentary evidence, and a written statement of the reasons for the disciplinary action taken and the supporting evidence." *Kanu v. Lindsey*, 739 F. App'x 111, 116 (3d Cir. 2018); *see also Quiero v. Ott*, 799 F. App'x 144 at n.6 (3d Cir. 2020) (per curiam). *Hewitt* requires that, within a reasonable time, a detainee be given an explanation of the reason for the administrative transfer as well as an opportunity to respond. *Steele*, 855 F.3d at 507; *Stevenson,* 495 F.3d at 70 (citations omitted). Moreover, "the filing of a fraudulent misconduct report and related disciplinary sanctions do not without more violate due process," *Seville v. Martinez*, 130 F. App'x 549, 551 (3d Cir. 2005) (per curiam), as "[d]ue process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false misconduct reports." *Thomas v. McCoy*, 467 F. App'x 94, 97 (3d Cir. 2012) (per curiam); *see also Smith v. Mensinger*, 293 F.3d

641, 654 (3d Cir. 2002) ("[S]o long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim.").

Ralston has not alleged sufficient facts to give rise to an inference that his placement in segregation amounted to improper punishment, or that it was accomplished without appropriate attendant notice and process, as he has not provided any details about the surrounding circumstances giving rise to his claims.  Because the Court cannot state with certainty that Ralston will not be able to state a plausible claim based on disciplinary segregation, he will be permitted to amend this claim.

### IV

For the foregoing reasons, the Court will dismiss Ralston's Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Ralston will be granted leave to file a Second Amended Complaint.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**